OPINION
{¶ 1} This is an appeal from summary judgments rendered against Plaintiff-Appellant, Edward W. Vecchio, Jr., and in favor of Vecchio's insurer, his employer, and the employer's insurer, on Vecchio's breach of contract claims arising from denials of underinsured motorist coverage provided by two policies of automobile liability insurance. On review, we affirm the summary judgment in favor of Vecchio's own insurer but reverse the summary judgments for the other defendants and remand the matter for further proceedings.
 {¶ 2} Vecchio is an employee of Defendant-Appellee, Montgomery County. On October 22, 1998, Vecchio was driving his own vehicle on duties within the scope and course of his employment when it was involved in a collision with a vehicle driven by Doris Byrd, also an employee of Montgomery County. Byrd was then on personal business. Vecchio was injured in the accident.
 {¶ 3} In June of 2001, Vecchio was paid the policy limits of Byrd's automobile liability insurance policy for injuries he allegedly suffered. Vecchio released all claims he had against Byrd and dismissed an action against Byrd he had commenced on his personal injury claims. Vecchio also was paid workers' compensation benefits for injuries he suffered.
 {¶ 4} On October 30, 2002, Vecchio commenced the action underlying this appeal against three defendants on claims for breach of contract arising from denials of Vecchio's claims for underinsured motorist coverage. Those defendants were: his employer, Montgomery County; his employer's insurer, United States Fidelity and Guaranty Co. ("USFG"); and Vecchio's own insurer, Erie Insurance Company ("Erie"). On March 25, 2004, the trial court granted motions for summary judgment each defendant had filed. Vecchio filed a timely notice of appeal.
 {¶ 5} First Assignment of Error:
 {¶ 6} "The trial court committed prejudicial error when it granted erie insurance company's motion for summary judgment by deciding Vecchio breached the subrogation provisions of Erie's policy, and in so doing construed evidence and decided issues of fact in favor of Erie Insurance Company."
 {¶ 7} The Erie policy required Vecchio to commence any action against Erie on a coverage claim within two years of the date of an accident from which the claim arose. The accident resulting in Vecchio's injuries occurred on October 22, 1998. Vecchio commenced an action against Erie seeking underinsured coverage the Erie policy provides on October 30, 2002, four years later. The trial court found the two-year requirement to be plain and unambiguous and the duties it imposed reasonable. The court therefore granted summary judgment for Erie on the two-year contractual bar to the action Vecchio had commenced.
 {¶ 8} On appeal, Vecchio argues that Erie waived the two-year requirement when, on several occasions before his action against Byrd was settled, Erie had expressed doubts or reservations about whether Vecchio had a legitimate underinsured motorist coverage claim covered by his Erie policy. That may, as Vecchio contends, have made attempts on his part to obtain Erie's approval of his settlement with Byrd unavailing. However, Erie's somewhat desultory pronouncements could not reasonably prevent or inhibit Vecchio from filing his action against Erie within the two-year term. If anything, Erie's responses might have encouraged Vecchio to file, and the two-year period in which his policy required Vecchio to do that is not an unreasonable length of time.
 {¶ 9} The first assignment of error is overruled.
 {¶ 10} Third Assignment of Error.
 {¶ 11} "The trial court committed prejudicial error when it granted Montgomery County's motion for Summary Judgment on the basis of immunity when appellant's claim is relative to a matter that arises out of the employment relationship between appellant and Montgomery County."
 {¶ 12} This assignment of error is taken out of order to facilitate our determination of the issues presented in this appeal.
 {¶ 13} Vecchio, because he was acting within the course and scope of his employment when he was injured in the collision with Byrd, was paid workers' compensation benefits for his injuries. R.C. 4123.74 provides that employers who obtain workers' compensation coverage "shall not be liable to respond in damages at common law or by statute for any injury . . . received . . . by any employee in the course of or arising out of his employment." The trial court held that R.C. 4123.74 bars Vecchio's underinsured motorist coverage claim against his employer, Montgomery County, arising from USFG's denial of Vecchio's claim for underinsured motorist coverage. If so, that section likewise bars relief against Montgomery County's insurer on the claim, USFG.
 {¶ 14} The claims for relief against which R.C. 4123.74 insulates an employer are common law or statutory tort claims for personal injuries suffered by an employee. Vecchio is Montgomery County's employee, but the claim for relief he brought in the underlying action is not of that nature. Rather, it is a claim that sounds in contract, arising from their contractual relationship in which Montgomery County purchased liability insurance with UM/UIM coverage for the benefit of employees such as Vecchio. R.C. 305.171 authorizes counties to purchase accident insurance for the benefit of their employees. Civil actions brought by employees "relative to any matter that arises out of the employment relationship" are exempted by R.C. 2744.09(B) from the bar against civil actions for which that chapter otherwise provides. Claims for coverage such policies of insurance provide are not barred by R.C. 4123.74.
 {¶ 15} The third assignment of error is sustained.
 {¶ 16} Second Assignment of Error.
 {¶ 17} "The trial court committed prejudicial error when it granted the motion for Summary Judgment of United States fidelity and Guaranty Co. (`USFG') holding appellant vecchio was not diligent in inquiring as to coverage where usfg had previously denied coverage, the same being an issue of fact."
 {¶ 18} The USFG policy requires its insureds to provide USFG notice of any claim for coverage within thirty (30) days after an accident from which the claim arose. The trial court found that Vecchio breached the notice provisions of the USFG policy because he failed to give USFG notice of the accident within thirty (30) days of its occurrence. The court correctly reasoned that whether USFG received notice within a reasonable length of time in light of all the surrounding circumstances was controlling. See Ferrando v. Auto-Owners Mut. Ins.Co., 98 Ohio St.3d 186, ¶ 67, 2002-Ohio-7217. On that matter, and as Civ. R. 56(C) requires, the court credited evidence showing that, in effect, when Vecchio's attorney first asked Montgomery County whether any underinsured motorist coverage was available to Vecchio, he was told that no such coverage was available.
 {¶ 19} Ferrando's reasonableness test appears to be addressed more to the needs and practices of the insurance industry than to the conduct of the insured. Nevertheless, the test is applied in the larger context of the statutory mandates of R.C. 3937.18 pertaining to uninsured and underinsured motorist coverage. For that reason, a reasonableness test ought likewise apply to the conduct of the claimant or insured.
 {¶ 20} While an insured who is the policyholder can be charged with notice of his own policy's terms, as Vecchio is with respect to the terms of his own Erie policy, the same doesn't necessarily apply to an insured such as Vecchio who is a third-party beneficiary to the insurance contract. Proof of actual notice is required. On this record, having been told by the policyholder that there was no coverage, whether Vecchio acted reasonably under all the facts and circumstances when he failed to give notice to the insurer within the relatively short time required by the USFG policy is a genuine issue of material fact that bars summary judgment. Civ. R. 56(C). The court's conclusion that Vecchio "should have inquired more diligently" (Opinion, p. 13) invades the function of the jury as trier of fact on the reasonableness issue.
 {¶ 21} Finally, the trial court found that Vecchio also breached the consent to settle requirements in the subrogation provisions of the USFG policy when he settled and released his claims against Byrd, the tortfeasor. Again, if Vecchio was unaware of the USFG policy, its existence having been denied by the policyholder, Vecchio could not know or be charged with knowledge of his duties under the policy's consent to settle requirements. Absent such knowledge, the presumption of prejudice afforded by Ferrando ought not apply, and Vecchio was not required to rebut the presumption with evidence in opposition to USFG's motion for summary judgment.
 {¶ 22} Ferrando views such failures on the part of a claimant as not dispositive of the issue of breach "if the insurer failed to respond within a reasonable time to a request for consent to the settlement offer, or unjustifiably withheld consent . . .," (p. 91). No direct impediment to settlement was created by USFG. However, as between USFG and Vecchio, the act of USFG's insured, Montgomery County, in denying that coverage existed, must be charged to USFG instead of Vecchio.
 {¶ 23} USFG might have protected itself from these outcomes by requiring its policyholder to notify other insureds covered by the policy's uninsured/underinsured motorist coverage provisions of the notice requirements in the policy Montgomery County purchased from USFG. It apparently did not. Therefore, and lacking notice of even the policy's existence, Vecchio could not have breached the notice and consent to settlement requirements of the policy.
 {¶ 24} The second assignment of error is sustained.
 CONCLUSION {¶ 25} Having sustained the second and third assignments of error, the judgment from which this appeal is taken is reversed with respect to Vecchio's claims for relief against Montgomery County and USFG, and the cause is remanded for further proceedings on them. The judgment is affirmed with respect to Vecchio's claims for relief against Erie.
Wolff and Young, JJ., concur.